# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:96-CR-0064(2) (PJS) |
| Plaintiff, | |
| v. | ORDER |
| DEMETRIUS BROWN, | |
| Defendant. | |

Demetrius Brown, pro se.

Defendant Demetrius Brown previously moved pursuant to § 3582(c)(2) for a sentencing reduction based on retroactive amendments to the United States Sentencing Guidelines. ECF No. 671. The Court granted that motion in part and reduced Brown's sentence from 292 months to 240 months' imprisonment, which is the mandatory minimum sentence for his offense under 21 U.S.C. §§ 841(b)(1)(A) and 851. ECF No. 673. Shortly after the Court issued its order, Brown moved for the Court to reconsider, arguing that he was eligible for a further reduction and immediate release from prison. ECF No. 674. The Court denied that motion. ECF No. 677. Approximately one year later, Brown now moves the Court for an "Order Reopening Title 18 U.S.C. § 3582(c)(2) Proceedings pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6)." ECF No. 680.

Brown contends that he brings his current motion pursuant to Fed. R. Civ. P. 60(b), but Rule 60(b) — a rule of *civil* procedure — is inapplicable to Brown's *criminal* matter and thus offers no relief. The motion might instead be interpreted as a second motion for reconsideration of the Court's order [ECF No. 673] granting in part Brown's request for relief pursuant to

§ 3582(c)(2). If so construed, the Court declines reconsideration of its order for the reasons given in its last order denying reconsideration. ECF No. 677.

Brown's motion might instead be interpreted as a second motion pursuant to § 3582(c)(2). Brown was found guilty of two drug-trafficking offenses and held responsible for 743.5 grams of crack cocaine. ECF No. 459. The mandatory minimum sentence for Brown's offenses is 20 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Brown's sentence has already been reduced to the statutory minimum, and the Court may not further reduce his sentence. *See United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009) (citing *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

Finally, Brown's motion might be interpreted as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Brown has already filed multiple petitions (or "motions to amend petitions") pursuant to § 2255. *See* ECF Nos. 545, 571, 605, 613. Any successive motions for relief pursuant to § 2255 "must be certified . . . by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). Without such a certification, this Court may not review the merits of any new § 2255 petition brought by Brown.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Demetrius Brown's Motion to Reopen § 3582(c) proceedings [ECF No. 680] is DENIED.

Dated: November 20, 2012

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge